UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMBRI SEAN JOHNSON, Sr., <br><br> Plaintiff, <br><br> v. <br><br> DR. MOHAMED IBRAHIM, et al., <br><br> Defendants. | No. 2:16-cv-387-JAM-EFB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. He has filed a "motion for immediate injunction" wherein he requests that the court order prison officials to return a typewriter that they confiscated. ECF No. 36. He claims that an injury – ostensibly the one to his right hand at issue in this litigation – renders it difficult for him to "write more than two pages without suffering severe pain in the wrist and fingers . . . ." *Id.* at 1. For the reasons stated hereafter, it is recommended that the motion be denied.

## Legal Standard

A preliminary injunction represents the exercise of a far-reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

1

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

## Analysis

As an initial matter, plaintiff has failed to address any of the elements which the court is required to weigh in deciding whether to issue a preliminary injunction. That is, he has not offered argument or evidence indicating that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that the injunction is in the public interest. *See Selecky*, 586 F.3d at 1127. Most crucially, the court has no medical evidence before it which confirms either that: (1) plaintiff suffers from a severe medical condition which inhibits his ability to write; or (2) that provision of a typewriter is medically necessary or appropriate to permit him access to the courts. The court also notes that there is no constitutional right to provision of a typewriter in prison. *See Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985) ("The existence or condition of the library's typewriters is irrelevant, as the Constitution does not require that they be made available to inmates."). Finally, plaintiff avers that he is still in the process of exhausting prison grievance procedures on this issue. ECF No. 36 at 1-2. Absent strong evidence that the courthouse doors would be closed to plaintiff if his motion were not granted, the court is disinclined to pre-empt the internal grievance procedures which afford prison officials first opportunity to address problems without court intervention.

The foregoing analysis should not be taken as an indication that the court is unsympathetic to the litigative difficulties facing prisoners – especially those with health issues. To that end, the

court is receptive to reasonable requests for extensions of time. If, as plaintiff indicates, he can only write two pages without suffering pain (ECF No. 1 at 1), he may seek extensions in order to write at a more gradual pace and still comply with the court's deadlines.

## Conclusion

For the foregoing reasons, it is RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 36) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE