UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMBRI SEAN JOHNSON, Sr., <br><br> Plaintiff, <br><br> v. <br><br> IBRAHIM, et al., <br><br> Defendants. | No. 2:16-cv-387-JAM-EFB P <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Chen moves to dismiss plaintiff's claim against him under the California Government Claims Act for failure to exhaust the California tort claim procedures. ECF No. 24. For the reasons stated hereafter, that motion should be granted.

I. Background

In April of 2015, plaintiff was involved in a physical altercation at CSP-Solano that resulted in a fracture to his arm. ECF No. 15 at 2. He alleges defendant Chen denied him adequate medical care for this injury insofar as Chen failed to immediately refer him to an emergency room. *Id.* at 3. In addition to alleging that Chen's inaction violated his Eighth Amendment rights, plaintiff also brought a California Government Claims Act ("CGCA") claim against the physician. *Id.* at 7. Now, Chen moves to dismiss arguing that plaintiff's CGCA claim should be dismissed because plaintiff failed to comply with the procedural requirements of the Act. ECF No. 24-1 at 3-4.

II. Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

III. Analysis

It is well-settled that state procedural requirements apply to state claims that are litigated in federal court. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F. 2d 621, 627 (9th Cir. 1988) ("The amended complaint fails to allege compliance with California tort claim procedures.

2

The district court properly dismissed the state law tort claims."). The CGCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board within six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. That presentation and subsequent action on the claim by the board are prerequisites to suit. *State v. Superior Court of Kings County* (*Bodde*), 32 Cal. 4th 1234, 1239 (2004). Plaintiff is required to allege compliance with the CGCA presentation requirements in his complaint. *Id.* He failed to do so. Indeed, plaintiff acknowledges as much in his opposition. ECF No. 40 at 1-2. Accordingly, his CGCA claims against Chen must be dismissed; his Eighth Amendment claims against Chen remain.

IV. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that:

1. Defendant Chen's motion to dismiss (ECF No. 24) be GRANTED; and

2. Plaintiff's claims against Chen brought under the California Government Claims Act be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE