UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMBRI SEAN JOHNSON, Sr., <br><br> Plaintiff, <br><br> v. <br><br> IBRAHIM, et al., <br><br> Defendants. | No. 2:16-cv-387-JAM-EFB P <br><br><br> <u>ORDER</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The U.S. Marshal has requested reimbursement of expenses incurred in personally serving defendant Mohamed Ibrahim. ECF No. 45.

This court previously ordered the Marshal to serve process upon defendant Ibrahim. ECF No. 35. The Marshal was directed to attempt to secure a waiver of service before proceeding to personal service. *Id.* ¶ 2. If defendant's waiver of service was not returned within 60 days, the Marshal was directed to (1) personally serve defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file the return of service with evidence of attempts to secure a waiver and costs subsequently incurred in effecting personal service. *Id.* ¶ 6.

The form USM-285/Process Receipt and Return filed by the Marshal shows that the Marshal mailed defendant a waiver of service on November 1, 2019. ECF No. 44. There is no

indication that the waiver of service was returned. *Id.* If it was not returned, the Marshal was required to complete personal service on defendant. The form shows the total charges for personally serving defendant, on February 12, 2020, was $282.40. *Id.*

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part:

> An individual . . . that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.
>
> . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service
>
> . . . .

Fed. R. Civ. P. 4(d)(1)-(2). Thus, the Marshal may be entitled to the costs sought, as it appears that defendant was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, the court hereby ORDERS that:

1. Within 14 days from the date of service of this order, defendant Ibrahim shall pay to the United States Marshal the sum listed above, unless within that time he files a written statement showing good cause for failing to waive service.
2. The Clerk of the Court shall also serve a copy of this order on the U.S. Marshal.

DATED: March 9, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE