UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMBRI SEAN JOHNSON, Sr., | No. 2:16-cv-387-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| IBRAHIM, et al., | |
| Defendants. | |

Plaintiff filed a section 1983 suit alleging that Dr. Ibrahim ("defendant") was deliberately indifferent to his serious medical needs by failing to timely perform surgery on his injured right hand and for failing to provide him with adequate post-surgery pain medication. ECF No. 15 at 4, 9. Defendant has filed a motion to dismiss, arguing that plaintiff's allegations, taken as true, do not establish deliberate indifference. ECF No. 46. Plaintiff has filed an opposition.[1] ECF No. 53. Defendant has filed a reply. ECF No. 54. For the reasons stated hereafter, the motion to dismiss should be granted in part.

/////

/////

---

[1] The opposition was not timely filed and, as a consequence, the court issued findings and recommendations recommending that this action be dismissed for failure to prosecute. ECF No. 49. Plaintiff has now filed his opposition and the court vacates those findings and recommendations.

1

Legal Standards

I.   Motion to Dismiss

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

/////

/////

/////

Analysis

Defendant argues that "whether or not the surgery should have been performed sooner simply amounts to a difference of medical opinion, which is not actionable as a violation of the Eighth Amendment." ECF No. 46-1 at 4.  Further, he argues that, at worst, the delay in surgery was negligence, not deliberate indifference. *Id.* at 4-5.  Then, he argues that plaintiff has not alleged that defendant was aware of any risk to his health stemming from a delay in surgery. *Id.* at 5.  Finally, defendant argues that plaintiff's allegation regarding the adequacy of Tylenol as a pain control medication is also a difference of medical opinion which is not actionable.[2] *Id.*

As to the prescription of Tylenol post-surgery, there is no allegation in the complaint that defendant was, or should have been, aware that plaintiff had developed an "immunity" to the drug.  Thus, the allegations in support of this claim are insufficient to state a claim for relief.  See, e.g., *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010) ("A prison official cannot be liable for deliberate indifference unless he or she 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The court declines to recommend dismissal of plaintiff's other claim, however.  In his complaint, he alleges that defendant, despite having a high volume of cases, declined to refer plaintiff to another specialist.  ECF No. 15 at 9.  He claims that defendant's decision was influenced by his "predisposition for monetary compensation," rather than his medical judgment. *Id.*  Later, when plaintiff was about to undergo surgery, defendant allegedly acknowledged that the injury and procedure had been become more complicated with the passage of time and that "surgery should have happened sooner." *Id.* at 3.  These allegations, taken as true, are sufficient to state a claim for deliberate indifference.  Assuming the truth of plaintiff's claims, a finder of fact could infer that defendant delayed the surgery for non-medical reasons despite knowing that

---

[2] In his complaint, plaintiff alleges that he had developed an "immunity" to Tylenol. ECF No. 15 at 4.  Defendant argues that there is no allegation that he was aware of plaintiff's "immunity" to the medication. ECF No. 46-1 at 5.

there was a very real risk of the injury worsening with time. *See Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003) ("Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm."); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . ."). Thus, the court declines to recommend dismissal of this claim.

## Conclusion

Accordingly, it is ORDERED that the findings and recommendations issued on May 4, 2020 (ECF No. 49) are VACATED.

Further, for the reasons stated above, it is RECOMMENDED that defendant's motion to dismiss (ECF No. 46) be GRANTED in part insofar as:

1. Plaintiff's claim that defendant Ibrahim was deliberately indifferent in prescribing Tylenol post-surgery should be dismissed without prejudice for failure to state a constitutional claim; and

2. The remaining claim against defendant Ibrahim should proceed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE