UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMBRI SEAN JOHNSON, SR., | Case No. 2:16-cv-00387-JAM-JDP (P) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND TO DEFER CONSIDERATION OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| IBRAHIM, *et al.*, | |
| Defendants. | ECF Nos. 70 & 71 |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that he suffered an injury to his hand and that defendants Chen and Ibrahim, who provided him medical care, were deliberately indifferent to his serious medical needs. ECF No. 12. Both defendants have filed motions for summary judgment. ECF Nos. 68 & 69. Plaintiff did not file an opposition to either motion. Instead, he filed the two motions that request, pursuant to Federal Rule of Civil Procedure 56(d), that the court defer ruling on defendants' motions for summary judgment and compel defendant Ibrahim to provide further responses to his discovery requests. ECF Nos. 70 & 71. Plaintiff's motions will be denied.

As a threshold matter, the motions as to plaintiff's request to compel discovery are untimely. Under the November 13, 2020 scheduling order, the deadline for completion of discovery, including the filing of all motions to compel, was April 23, 2021. ECF No. 59 at 4. Plaintiff did not file his motions until August 16, 2021, more than three months after the deadline

1

for completion of discovery.  Absent modification of the scheduling order, plaintiff's motions must be denied.

Plaintiff, however, has not established any basis for modification of the scheduling order. A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.

Plaintiff does not explain why he delayed filing the instant motions to compel.  More significantly, the record strongly suggests that he could have filed the motion at an earlier date. Ibrahim served his responses to plaintiff's interrogatories and requests for production on February 11, 2021.  ECF No. 70 at 12-16; ECF No. 71 at 19-25.  On March 3, 2021, after plaintiff expressed concern over the adequacy of the responses, Ibrahim notified plaintiff that he stood by his responses.[1]  Thus, plaintiff could have sought to compel further response prior to the April 23 deadline, but failed to do so.

Plaintiff also has not established a basis for deferring consideration of defendants' motions for summary judgment.  Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it, or allowing "time to obtain affidavits or declarations or to take discovery." *See* Fed R. Civ. P. 56(d).  The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential to oppose summary judgment." *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (discussing former Rule 56(f)); *see also Midbrook Flowerbulbs Holland B.V.*

---

[1] Notwithstanding that position, Ibrahim agreed to provide supplemental responses to plaintiff's Interrogatories Nos. 4, 5, and 12.  Plaintiff has since received those responses, and he no longer seeks to compel further responses to those three interrogatories.

*v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 614, 619-20 (9th Cir. 2017).  Plaintiff's declaration neither identifies the specific facts that plaintiff hopes to elicit through discovery nor explains how the requested discovery would help him defeat summary judgment.  Accordingly, plaintiff's motions will be denied.  The court, however, will provide plaintiff a brief extension of time to file an opposition to defendants' motions.

      Finally, one of plaintiff's motions also asks the court to appoint plaintiff counsel.  ECF No. 70 at 17-18.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  Having considered these factors, the court does not that there are exceptional circumstances warranting appointment of counsel.  The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

      Accordingly, it is hereby ORDERED that:

    1. Plaintiff's motions to compel and to defer consideration of defendants' motions for summary judgment, ECF Nos. 70 & 71, are denied.

    2. Plaintiff is granted until January 26, 2022 to file an opposition to defendants' motions for summary judgment.

    3. Defendants' may file a reply to plaintiff's opposition, if any, seven days thereafter.

IT IS SO ORDERED.

Dated:    December 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE